

**DEPARTMENT OF THE NAVY**
NAVAL DISTRICT WASHINGTON
1343 DAHLGREN AVENUE SE
WASHINGTON NAVY YARD, DC 20374-5161

```
                                                    1920
                                                    Ser N00J/462
                                                    15 Dec 16
```

From: Commandant, Naval District Washington
To:   Commander, Navy Personnel Command (PERS-834)
Via:  (1) CAPT Terry S. Morris, USN
      (2) Director, Navy Staff

Subj: REPORT OF MISCONDUCT ICO CAPT TERRY S. MORRIS, USN, XXX-XX-2199/1320

Ref:  (a) MILPERSMAN 1611-010
      (b) Article 15, UCMJ
      (c) Part V, MCM
      (d) JAGMAN, Chapter 1

Encl: (1) Report and Disposition of Offense (NAVPERS 1626/7)
      (2) Acknowledgment and election of rights form of 12 Dec 16
      (3) Acknowledgement of Article 31(b), UCMJ, rights form of 12 Dec 16
      (4) NCIS Report of Investigation of 27 Sep 16

1. Per reference (a), paragraph 5, this report of misconduct in the case of CAPT Terry S. Morris, U.S. Navy, is forwarded for review and action for inclusion in CAPT Morris' official records.

2. On 12 December 2016, CAPT Terry Morris was notified of my decision to hold non-judicial punishment (NJP) proceedings in his case pursuant to references (b) through (d), for violation of Uniform Code of Military Justice (UCMJ), Article 92 (Sexual Harassment). The officer refused non-judicial punishment and enclosure (1) is his report and disposition of offenses. Enclosure (2) is CAPT Morris' acknowledgement that he was advised of his rights and refused non-judicial punishment on 12 December 2016. Enclosure (3) is CAPT Morris' acknowledgment that he was advised of his Article 31(b) rights. Enclosure (4) contains the Naval Criminal Investigative Service (NCIS) report of investigation.

3. NCIS initiated an investigation into CAPT Terry Morris on 25 July 2016 following conclusion of a command inquiry into poor command climate that uncovered allegations of sexual harassment and abusive sexual contact involving CAPT Morris and two female, civilian employees. Enclosure (4) contains evidence that CAPT Morris may have sexually harassed two female civilians on multiple occasions between 2015 and July 2016 in the workplace in violation of UCMJ Article 92 and Secretary of the Navy Instruction 5300.26D, dated January 3, 2006. After consultation with the Region Legal Service Office, Naval District Washington, I determined to offer CAPT Morris non-judicial punishment. He refused. Nonetheless, I conclude that the allegations merit further administrative review.

**FOR OFFICIAL USE ONLY**

Subj:  REPORT OF NON-JUDICIAL PUNISHMENT ICO CAPT TERRY S. MORRIS, USN, XXX-XX-2199/1320

4. Enclosure (1) is the report and disposition of offenses that evidences CAPT Morris' election and refusal of non-judicial punishment.

5. After fully reviewing the facts of this case, the following administrative actions are requested or recommended:

   a. CAPT Morris is assigned temporary additional duties at Naval District Washington. His parent command is the Chief of Naval Operations. For the reasons described in paragraph 3, which include poor command climate and allegations of sexual harassment against civilian staff members, I recommend this officer be detached for cause.

   b. Consistent with review of the contents of enclosure (4) and my determination to offer non-judicial punishment proceedings to CAPT Morris, I recommend that any promotion to 0-7 be withheld and that the officer be removed from any prospective promotion list.

   c. I recommend that CAPT Morris be required to show cause for retention in the naval service. While serving in a position of trust as the Executive Director to the Chief of Naval Operations, enclosure (4) alleges that CAPT Morris sexually harassed two female civilians on multiple occasions between 2015 and July 2016 in the workplace. These allegations merit review by a Board of Inquiry and if substantiated, constitute a significant departure from expectations of a naval officer with 28 years of service.

6. By copy hereof, CAPT Morris is notified of his right, per reference (a), to submit his comments, within 10 days of receipt, concerning this report of NJP and show cause recommendation, which will be included as adverse matter in his official record. CAPT Morris is also hereby notified that those in the endorsement chain may choose to make recommendations different that those contained in this letter. His comments or declination to make a statement will be reflected in his endorsement to this letter.

7. My point of contact on this matter is my Deputy Staff Judge Advocate, Lieutenant Andrea M. Logan, Judge Advocate General Corps, U.S. Navy. She can be reached at (202) 433-2423 or andrea.m.logan@navy.mil.

C. W. ROCK

Copy to:
PERS-8
PERS-4

1920

FIRST ENDORSEMENT on Commandant Naval District Washington ltr 1920 Ser N00J/462 of 15 Dec 16

From: CAPT Terry S. Morris, USN
To: Commander, Navy Personnel Command (PERS-834)
Via: (1) Director, Navy Staff

Subj: REPORT OF MISCONDUCT ICO CAPT TERRY S. MORRIS, USN, XXX-XX-2199/1320

Ref: (a) MILPERSMAN 1611-010

Encl: (1) Statement regarding NJP, if any

1. On __16 Dec 2016__ (date) I was notified of my right, per reference (a), to submit my comments, within 10 days of receipt, concerning this report of NJP and show cause recommendation, which will be included as adverse matter in my official record. As a result, I have until __06 JAN 2017__ to submit any comments in response to this report.

2. I understand that if I elect to submit a statement, it should be couched in temperate language and shall be confined to pertinent facts. Opinions shall not be expressed nor the motives of others impugned. My statement may not contain countercharges.

3. I was also notified that those in the endorsement chain may choose to make recommendations different that those contained in the preceding letter.

4. (I do)/do not (circle one) desire to make a statement. My statement is attached as enclosure (1) to this forwarding endorsement.

T. S. MORRIS
CAPT, USN

**FOR OFFICIAL USE ONLY**

6 Jan 17

From: CAPT Terry S. Morris, USN
To: Commander, Navy Personnel Command (PERS-834)
Via: (1) Director, Navy Staff

Subj: STATEMENT REGARDING REPORT OF MISCONDUCT ICO CAPT TERRY S. MORRIS, USN

1. The recommendation that I be detached for cause (DFC) is not appropriate in this case. My officer fitness report signed by Admiral John Richardson for the period ending 15 July 2016 detaches me from the CNO staff and the billet of Executive Director, CNO Executive Panel, as of that date. Since 16 July 2016, I have been serving in a staff officer billet assigned to the Director, Navy Staff. There is no basis for administratively removing me from my present billet.

2. Moreover, the alleged poor command climate cited in support of the DFC request was never substantiated or even fully investigated, as the preliminary inquiry into that matter was terminated when this case was referred to NCIS. The accusation of sexual harassment has never been adjudicated in any forum. Given these facts, a DFC is inappropriate and may unfairly influence the outcome of a Board of Inquiry (BOI) if one is convened.

3. Sexual harassment is unacceptable and a serious matter. As the former Commander of Carrier Air Wing SEVEN and Commanding Officer of Carrier Airborne Early Warning Squadron ONE TWO THREE, I am thoroughly familiar with Navy policy on equal opportunity and sexual harassment. I emphatically denied these accusations during the preliminary inquiry and I do so again in this statement. It makes no sense that I would knowingly harass the wife of a retired Navy Flag Officer who I knew personally. Within a small office suite, no other staff member witnessed any of these actions that allegedly occurred repeatedly and over a period of more than seven months. If they had witnessed or even received credible evidence of sexual harassment, I am confident that any of those CDRs and LCDRs would have immediately reported the violation.

4. My record of over 30 years of enlisted and commissioned service, including multiple command tours and numerous staff and Joint Duty assignments, is unblemished. If a BOI is convened, I will vigorously defend myself against these accusations and present substantial evidence of my personal character and professional conduct. Last year I submitted a long-planned retirement request. I respectfully request that it be granted so that I may retire honorably in my present grade, rather than convening a BOI that would almost certainly reach the same conclusion at a much later date. I did not attempt or commit the misconduct alleged in this report.

Very respectfully,

T.S. Morris
CAPT, USN