**DEPARTMENT OF THE NAVY**
NAVAL DISTRICT WASHINGTON
1343 DAHLGREN AVENUE SE
WASHINGTON NAVY YARD, DC 20374-5161

1920
Ser N00J/367
28 Sep 17

FIRST ENDORSEMENT on President, Board of Inquiry ltr 1920 of 22 Aug 17

From: Commandant, Naval District Washington
To:   Commander, Navy Personnel Command (PERS-834)

Subj: RECORD OF PROCEEDINGS IN THE BOARD OF INQUIRY ICO CAPT TERRY S. MORRIS, USN

Ref: (a) SECNAVINST 1920.6C
     (b) Uniform Code of Military Justice

Encl: (6) Certificate of Service
      (7) Letter of Deficiency
      (8) Email from Legal Advisor dtd 14 Aug 17
      (9) Counsel for respondent supplement ltr dtd 26 Sep 17
      (10) SECNAVINST 5215.1E Change Transmittal 1

1. Enclosures (6) – (10) are forwarded. I concur with the recommendations of the Board of Inquiry (BOI). Having considered the enclosures and the record of proceedings, I conclude the BOI was conducted in substantial compliance with reference (a).

2. Counsel for respondent asserts numerous bases in enclosure (7) that, in his opinion, justify setting aside this Board's findings and recommendations. I disagree with each of the assertions.

3. First, counsel for respondent asserts that the occurrence of a conversation between the legal advisor and the Board during closed session is fatal to the Board's findings and recommendations. I disagree. As set forth in the authenticated record, the questions posed, by nature of the questions themselves, addressed only processes and procedures related to the conduct of the board. There was no request for advice on substantive issues nor was any communication of derogatory information. This conclusion is further supported by the information contained in enclosure (8), and not undermined by counsel for respondent's supplemental assertions in enclosure (9). Thus, though these discussions did occur outside presence of the respondent, the discussions were disclosed on the record, they did not prejudice the respondent, and inclusion of enclosures (8) and (9) ensures review by the ultimate Separation Authority in this case.

4. Second, counsel for respondent asserts that the actions of Mr. Anthony Kurta, the accuser's husband, constituted unlawful command influence (UCI). Counsel for respondent's UCI argument rests on the broad assertion that Mr. Kurta's position as the "most senior official in the Department of Defense responsible for personnel policy" renders any involvement by him in this case, to include presence at the Board, an impermissible attempt to influence the outcome. In making this assertion, counsel for respondent seeks to inaccurately impute this Board's conclusions about motivations and actions unrelated to the actual conduct of the Board, and ignores Mr. Kurta's role as the spouse of a complaining witness. Regardless, there is no evidence in the record that Mr. Kurta improperly influenced the outcome of the board through his presence or improperly influenced my determination to recommend "Show Cause" in the first place.

Subj: RECORD OF PROCEEDINGS IN THE BOARD OF INQUIRY ICO CAPT TERRY S. MORRIS, USN

5. Third, counsel for respondent argues that the respondent was denied access to relevant evidence, specifically copies of performance evaluations and disciplinary records for any alleged victims. All relevant information in the government's possession was provided to respondent prior to the board and despite assertions to the contrary, the requested documents were not relevant.

6. Fourth, counsel for respondent argues that the BOI findings and recommendations were not supported by substantial evidence and the Board failed to assign the proper weight to the evidence because of the members' lack of experience. I disagree with both arguments and concur with the Board findings. Counsel for respondent asserts that Mrs. Kurta's testimony is incredible in light of all the information presented at the board. The Board, in performance of its duties, found otherwise, and there is no actual evidence that the members failed to follow and apply reference (a) in reaching that conclusion. Similarly, though counsel asserts that a separation recommendation in this case is evidence of unqualified members, there is no actual evidence that reference (a) was violated when the members recommended separation. That the outcome was unfavorable to respondent does not, in retrospect and without more, invalidate either the outcome of the Board or the performance and qualification of its members.

7. Last, counsel for respondent argues that the respondent was improperly processed for violation of an invalidated instruction, specifically SECNAVINST 5300.26D. Again, I disagree. Respondent was processed for violation of Article 92 of the Uniform Code of Military Justice without delineation of the order or regulation in question. In this case, both SECNAVINST 5300.26D and U.S. Navy Regulation 1166 were applicable. In direct response to counsel for respondent's assertions, enclosure (9) states that "directives that were subject to the prior, administrative, self-canceling provision of SECNAV 5215.1E are effective unless separately superseded, cancelled, or changed by amendment or cancellation notice. No SECNAV instruction or SECNAV Manual may be cancelled unless a cancellation notice is properly entered into the official file of that instruction or manual." Since there was no notice of cancellation on file, SECNAVINST 5300.26D was valid at the time of CAPT Morris' BOI. Moreover, there is no assertion that U.S. Navy Regulation 1166 was not similarly valid when the Board met in this case. Thus, there was ample underpinning to support a finding of violation of Article 92.

8. My point of contact for this matter is Lieutenant David B. Maddox, JAGC, U.S. Navy, who may be reached at (202) 433-2423 or via email at david.maddox@navy.mil.

C. W. ROCK

Copy to:
Respondent
Counsel for respondent
Recorder
Senior Member

2

28 AUG 17
DATE

From: Counsel for Respondent
To: Commander, Navy Personnel Command (PERS-834)
Via: Commandant, Naval District Washington

Subj: CERTIFICATE OF SERVICE ICO CAPT TERRY S. MORRIS, USN

Ref: (a) SECNAVINST 1920.6C, Encl (8), Para. 12.e.

1. In accordance with reference (a), I acknowledge that I have received a copy of the record of proceedings in the subject-named case and that I have 10 days to submit written comments to CHNAVPERS, either directly or through the respondent's chain of command.

2. I (do)/do not intend to submit a statement.

_Chris Will_ CDR JAGC USN

Defense counsel contact info:

CDR Christopher M. Williams

Defense Service Office North

(202) 685-5537

christopher.m.will1@navy.mil

ENCL (2)